UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAIM SAYODI, RAY SANCHEZ, and ABU
OMAR, *on behalf of themselves and all others similarly situated*,

No. 18 Civ. 10989 (JMF)

Plaintiffs,

**ANSWER TO COMPLAINT**

-against-

HIGHGATE HOTELS, L.P., and
KNICKERBOCKER HOTEL,

Defendants.

------------------------------------------------------------X

Defendants Highgate Hotels, L.P. and Knickerbocker Hotel (collectively, "Defendants"), by their attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Answer to the Complaint filed by Naim Sayodi ("Sayodi"), Ray Sanchez ("Sanchez"), and Abu Omar ("Omar"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") on or about November 2, 2018 (the "Complaint") responds as follows:

## INTRODUCTION

1.      Paragraph "1" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein, except admit Plaintiffs attempt to proceed in the manner described therein.

2.      Paragraph "2" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein, except admit Plaintiff Omar attempts to proceed in the manner described therein.

## PRELIMINARY STATEMENT

3.      Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

6. Paragraph "6" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

7. Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

9. Paragraph "9" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein, except admit Plaintiffs attempt to proceed in the manner described therein.

## JURISDICTION AND VENUE

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

## DEMAND FOR A JURY TRIAL

11. Paragraph "11" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein, except admit that Plaintiffs demand a jury trial, but further deny that Plaintiffs or any putative plaintiff have stated a claim for relief upon which a jury trial should be held and otherwise deny all allegations in Plaintiffs "Demand For A Jury Trial" clause of the Complaint.

## PARTIES

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "12" of the Complaint.

13. Paragraph "13" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "16" of the Complaint.

17. Paragraph "17" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18" of the Complaint.

19. Paragraph "19" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

**HIGHGATE HOTELS, L.P.**

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except admit Highgate Hotels, L.P. is authorized to do business in New York.

21. Paragraph "21" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint except admit Highgate Hotels, L.P. manages the property located at 6 Times Square, New York, New York 10036, commonly known as "The Knickerbocker Hotel."

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in therein.

**KNICKERBOCKER HOTEL**

25. Defendants admit the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28. Paragraph "28" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "28" of the Complaint.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29. Paragraph "29" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein, except admit Plaintiffs attempt to proceed in the manner described therein.

30. Paragraph "30" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

31. Paragraph "31" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

32. Paragraph "32" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

33. Paragraph "33" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

34. Paragraph "34" of the Complaint, and its subsections "(a)" through "(i)," assert a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein (including subsections "(a)" through "(i)" thereof).

35. Paragraph "35" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

36. Paragraph "36" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

## INDIVIDUAL FACTUAL ALLEGATIONS

### NAIM SAYODI

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint except admit Plaintiff Sayodi performed work services at "St. Cloud" in The Knickerbocker Hotel located at 6 Times Square, New York, New York 10036 for a period of time relevant in this matter.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

## RAY SANCHEZ

49. Defendants deny the allegations set forth in Paragraph "39" of the Complaint except admit Plaintiff Sanchez performed work services at "St. Cloud" in The Knickerbocker Hotel located at 6 Times Square, New York, New York 10036 for a period of time relevant in this matter.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

## ABU OMAR

56. Defendants deny the allegations set forth in Paragraph "39" of the Complaint except admit Plaintiff Omar performed work services at "St. Cloud" in The Knickerbocker Hotel located at 6 Times Square, New York, New York 10036 for a period of time relevant in this matter.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
*(Violation of 29 U.S.C. §203(m) and (t) – Illegal Retention of Tips)*

64. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "63" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "64" of the Complaint.

65. Paragraph "65" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refers the Court to the statutory authority cited therein which speak for itself.

66. Paragraph "66" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refers the Court to the statutory authority cited therein which speak for themselves.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69. Paragraph "69" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refers the Court to the statutory authority cited therein which speak for themselves.

70. Paragraph "70" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refers the Court to the statutory authority cited therein which speak for themselves.

71. Paragraph "71" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS**
*(Illegal Tip Retention, NYLL§196-d; 12 CRR-NY §146-2.18 and §146-2.20)*

72. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "71" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "72" of the Complaint.

73. Paragraph "73" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "73" of the Complaint and respectfully refers the Court to the statutory authority cited therein which speaks for itself.

74. Paragraph "74" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

75. Paragraph "75" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "75" of the Complaint and respectfully refers the Court to the statutory authority cited therein which speaks for itself.

76. Paragraph "76" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

77. Paragraph "77" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*(Failure to Pay Minimum Wage – NYSLL)*

78. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "77" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "78" of the Complaint.

79. Paragraph "79" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

80. Paragraph "80" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

81. Paragraph "81" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "81" of the Complaint and respectfully refers the Court to the statutory authority cited therein which speaks for itself.

82. Paragraph "82" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "82" of the Complaint and respectfully refers the Court to the statutory authority cited therein which speaks for themselves.

83. Paragraph "83" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "83" of the Complaint and respectfully refers the Court to the statutory authority cited therein which speaks for themselves.

84. Paragraph "84" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "84" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for themselves.

85. Paragraph "85" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*(Unlawful Tip Sharing under NYLL § 196-d)*

86. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "85" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in Paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

89. Paragraph "89" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "89" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

90. Paragraph "90" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
*(Tip Pooling Records Violation under NYLL § 195(4) & 12 NYCRR § 146-2.17)*

91. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "90" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "91" of the Complaint.

92. Paragraph "92" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "92" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for themselves.

93. Paragraph "93" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "93" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

94. Paragraph "94" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

95. Paragraph "95" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(Violation of NYLL § 195(1) – Time of Hire Wage Notice Requirement)*

96. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "95" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "96" of the Complaint.

97. Paragraph "97" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "97" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

98. Paragraph "98" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "98" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

99. Paragraph "99" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

100. Paragraph "100" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "100" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS**
*(Violation of NYLL § 195(3) – Pay Stub Requirement)*

101. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "100" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "101" of the Complaint.

102. Paragraph "102" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "102" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

103. Paragraph "103" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

104. Paragraph "104" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

105. Paragraph "105" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "105" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for itself.

**AS AND FOR AN EIGHTH CLAIM FOR RELIEF
BY PLAINTIFF ABU OMAR AGAINST DEFENDANTS**
*(Discrimination and Retaliation on the Basis of Religion in Violation of
NYSHRL, N.Y. Exec. Law § 296; and NYCHRL, N.Y.C. Admn. Code § 8-107)*

106. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "105" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "106" of the Complaint.

107. Paragraph "107" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "107" of the Complaint and respectfully refer the Court to the statutory authority cited therein which speaks for themselves.

108. Defendants deny the allegations set forth in Paragraph "108" of the Complaint.

109. Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

110. Defendants deny the allegations set forth in Paragraph "110" of the Complaint.

111. Paragraph "111" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

112. Paragraph "112" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

113. Paragraph "113" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

114. Paragraph "114" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth therein.

**"PRAYER FOR RELIEF"**

115. The "PRAYER FOR RELIEF" clause, including subsections "(a)" – "(l)", state a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading

is required, Defendants deny the allegations therein and deny Plaintiffs are entitled to any relief whatsoever.

## ADDITIONAL AVERMENTS

116.    Defendants deny all claims and allegations not unequivocally admitted herein.

\* \* \* \*

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further Answer, Defendants assert the following affirmative and other defenses.  In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or administrative filing periods.

### AS AND FOR A THIRD DEFENSE

The Complaint is barred, in whole or in party, by the doctrines of laches, estoppel, and/or unclean hands.

### AS AND FOR A FOURTH DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, punitive damages, exemplary damages or attorneys' fees may be awarded.

**AS AND FOR A FIFTH DEFENSE**

Without admitting that Plaintiffs were subject to the minimum wage, overtime and wage-hour provisions of the FLSA, the NYLL, or any other equivalent federal or New York State law, Plaintiffs were paid properly under all applicable wage and hour laws.

**AS AND FOR A SIXTH DEFENSE**

Plaintiffs cannot establish a willful violation under the FLSA or NYLL.

**AS AND FOR A SEVENTH DEFENSE**

Any acts or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA, NYLL or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines, and thus Plaintiffs cannot recover any damages in this matter, including but not limited to liquidated damages.

**AS AND FOR AN EIGHTH DEFENSE**

Defendants were not, and are not, an "employer" of Plaintiffs or any other putative plaintiff or incumbent or former employee relevant herein within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance during the periods alleged in the Complaint and, as such, all claims as against Defendants should be dismissed.

**AS AND FOR A NINTH DEFENSE**

The Complaint should be dismissed to the extent Plaintiffs' claims are not pleaded fully or to the extent Plaintiffs did not qualify for such statutory protection.

**AS AND FOR A TENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR A ELEVENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR A TWELFTH DEFENSE

To the extent discovery reveals Plaintiffs falsely reported their hours of purported work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, and to the extent Defendants employed Plaintiffs, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

## AS AND FOR A THIRTEENTH DEFENSE

Without admitting Defendants employed Plaintiffs, Plaintiffs were provided adequate notice of the tip credit provisions under the FLSA and NYLL.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

## AS AND FOR A FIFTEENTH DEFENSE

Pendent or other jurisdiction should not be exercised over any of Plaintiffs' claims brought pursuant to the NYLL or any other state law, statute, regulation or ordinance.

## AS AND FOR AN SIXTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

## AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs are not entitled to cumulative liquidated damages with respect to his FLSA and NYLL claims.  See, e.g., Chowdhury v. Hamza Express Food Corp., 666 Fed. Appx. 59, 60 (2d Cir. 2016); Inclan v. New York Hospitality Group, 95 F. Supp. 3d 490 (S.D.N.Y. 2015).

### AS AND FOR A EIGHTEENTH DEFENSE

At no point in time did Defendants retain any portion (or distribute any portion of) gratuities from Plaintiffs' to any tip ineligible employee.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs' claims for "Failure to Provide Wage Statements" are barred pursuant to NYLL § 198(1-d), as Defendant made "complete and timely payment of all wages due."

### AS AND FOR A TWENTIETH DEFENSE

Plaintiffs' claims for "Failure to Provide Wage Notices" are barred pursuant to NYLL § 198(1-b), as Defendant made "complete and timely payment of all wages due."

### AS AND FOR A TWENTY-FIRST DEFENSE

Defendants cannot be held liable for any of Plaintiffs' claims alleged herein, as Defendants cannot be found to employ, or to have employed, Plaintiffs upon a "joint" employer theory of liability as a matter of law.

### AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiffs are not adequate representatives of the putative class action.

### AS AND FOR A TWENTY-THIRD DEFENSE

The Complaint is barred to the extent Plaintiffs seek or may seek vindication of claims asserted therein in another jurisdiction, forum and/or venue.

### AS AND FOR A TWENTY-FOURTH DEFENSE

Any recovery and/or relief to which Plaintiffs may be entitled herein (Defendants aver they are entitled to no recovery and/or relief) must be proportionately reduced to the extent Plaintiffs recovered, received, may recover, and/or may receive any damages and/or relief in another jurisdiction, forum and/or venue.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiffs and the putative class fail to meet the criteria necessary to maintain a class action under the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the numerosity requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the requirement that questions/answers of law or fact exist that are common to the class, as set forth in the Federal Rules of Civil Procedure, Rule 23 because, *inter alia*, employees had different employers, different job requirements, were subject to different wage and hour policies and practices, and were subject to different collective bargaining agreements.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the typicality requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23 because, *inter alia*, employees had different job requirements, different employers, and were subject to different wage and hour policies and practices.

## AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiffs and the putative class fail to meet the criteria necessary to satisfy the requirement that the representative party fairly and adequately protect the interests of the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTIETH DEFENSE

Class certification is inappropriate as common questions/answer of law and/or fact do not predominate among the putative class members and Plaintiffs because, *inter alia*, Plaintiffs worked at different locations, worked for different employers, were subject to different employment policies, and performed different job responsibilities.

## AS AND FOR A THIRTY-FIRST DEFENSE

Class certification is inappropriate, as it is not a superior method for adjudicating this controversy because the claims asserted by Plaintiffs require an individual factual inquiry regarding each individual putative class member.

## AS AND FOR A THIRTY-SECOND DEFENSE

The Complaint is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A THIRTY-THIRD DEFENSE

Without admitting Defendants employed Plaintiffs, Plaintiffs' claims are barred in whole or in part to the extent the work they performed falls within exemptions, exclusions, offsets, credits, or allowances (including but not limited to tip allowances) including those provided for in Sections 3 of the FLSA, 29 U.S.C. § 203 and/or the New York State Labor Law, its regulations and Court interpretations thereof.

## AS AND FOR A THIRTY-FOURTH DEFENSE

Plaintiffs and the persons on whose behalf they purport to bring this action, have not pleaded facts supporting an equitable tolling of the statute of limitations and their claims are not subject to same.

## AS AND FOR A THIRTY-FIFTH DEFENSE

Plaintiffs failed to exercise reasonable care to mitigate their damages, if any, and their right to recover against Defendants should be reduced and/or eliminated due to such failure.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend its Answer during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiffs' allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Date:   Mineola, New York
        December 19, 2018

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By: _____/s/_____
Nicholas P. Melito, Esq.
Jonathan D. Farrell, Esq.
Larry R. Martinez, Esq.
*Attorneys for Defendant Highgate Hotels, L.P.*
190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300

To:    **JOSEPH & NORINSBERG, LLC** (*Via ECF*)
       Chaya M. Gourarie, Esq.
       Jon L. Norinsberg, Esq.
       *Attorneys for Plaintiffs and the putative class*
       225 Broadway, Suite 2700
       New York, New York 10007
       T: (212) 227-5700