| |
|---|
| 18 Civ. 10989 (JMF) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| NAIM SAYODI, RAY SANCHEZ, and ABU OMAR, on behalf of themselves and all others similarly situated,<br>                                            Plaintiffs,<br><br>-against-<br><br>HIGHGATE HOTELS, L.P., and KNICKERBOCKER HOTEL.<br>                                              Defendants. |

**DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR REMAND**

<u>**ORAL ARGUMENT REQUESTED**</u>

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y.  11501
(516) 747-0300

Nicholas P. Melito, Esq.
Larry R. Martinez, Esq.
Jonathan D. Farrell, Esq.

869835.3

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. II

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

    I.    VOLUNTARY DISMISSAL IS NOT A MATTER OF RIGHT ........................... 1

        a.    Plaintiffs Were Not Diligent In Bringing The Motion (Zagano Factor 1) ................................................................. 3

        b.    Defendants Will Incur Extensive Litigation Costs (Zagano Factors 2 and 3) ................................................................ 4

        c.    Plaintiffs' Failed To Provide Any Explanation For Their Need To Dismiss Their FLSA Claim (Zagano Factor 4) ........................................................................................... 5

        d.    Plaintiffs' Undue Vexatiousness (Zagano Factor 5) .................................. 5

    II.    ANY DISMISSAL OF PLAINTIFFS' FLSA CLAIM IS SUBJECT TO A CHEEKS REVIEW ....................................................................................... 7

CONCLUSION ..................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases** **Page**

*Amadis v. Newcastle Realty Services, LLC*,
   No. 17 Civ. 8116 (WHP), 2018 WL 2727350 (S.D.N.Y. May 10, 2018) ....................... 7

*Carson v. Team Brown Consulting, Inc.*,
   No. 16 Civ. 4206, 2017 WL 4357393 (E.D.N.Y. Sept. 29, 2017).............................. 8

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2d Cir. 2015)................................................................... 1, 7, 8

*D'Alto v. Dahon California, Inc.*,
   100 F.3d 281 (2d Cir. 1996)................................................................... 2

*Gallardo v. PS Chicken Inc.*,
   285 F. Supp. 3d 549 (E.D.N.Y. 2018) ................................................... 7, 8

*Goonewardena v. AMR Corp.*,
   No. 08 Civ. 4141 (NFF), 2008 WL 5049904 (E.D.N.Y. Nov. 25, 2008) ................... 2

*Lopez v. 41-06 Bell Blvd. Bakery LLC*,
   No. 15 Civ. 6953 (SJ)(PK), 2016 WL 6156199 (E.D.N.Y. Oct. 3, 2016).................. 7

*Manginelli v. Homeward Residential, Inc.*,
   No. 13 Civ. 2334 (SJF)(AKT), 2013 WL 6493505 (E.D.N.Y. Dec. 9, 2013)............ 2

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
   723 F.3d 192, (2d Cir. 2013).................................................................. 3

*Nix v. Office of Comm'r of Baseball*,
   No. 17 Civ. 1241 (RJS), 2017 WL 2889503 (S.D.N.Y. July 6, 2017) ...................... 2

*Omega Institute, Inc. v. Universal Sales Systems, Inc.*,
   No. 08 Civ. 6473 (MAT), 2010 WL 475287 (W.D.N.Y. Feb. 5, 2010) ........... 3, 4, 5, 7

*BD ex. Rel. Jean Doe v. DeBuono*,
   193 F.R.D. 117 (S.D.N.Y. 2000) ............................................................. 2, 4

*Rivera v. Harvest Bakery Inc.*,
   No. 13 Civ. 00691 (ADS)(AYS), 2018 WL 4214337 (E.D.N.Y. Aug. 17, 2018)........ 3

*Zagano v. Fordham University*,
   900 F.2d 12 (2d Cir. 1990).................................................................... 2

**Statutes**

28 U.S.C. § 1441 ................................................................................................................ 1

29 U.S.C. § 207(a) (2006) .................................................................................................. 3

**Rules**

Rule 11(b) of the Federal Rules of Civil Procedure ......................................................... 6

Rule 41(a)(2) of the Federal Rules of Civil Procedure ................................................ 1, 2

**Regulations**

N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (2011) ................................................. 3

## PRELIMINARY STATEMENT

On or about November 2, 2018, Plaintiffs Naim Sayodi, Ray Sanchez, and Abu Omar (collectively, "Plaintiffs") filed a Complaint in the Supreme Court of the State of New York, New York County, against Defendants Highgate Hotels, L.P. and Knickerbocker Hotel (collectively, "Defendants") alleging claims for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL"). On or about November 26, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 with this Court. On the eve of Defendants' deadline to respond to the Complaint, Plaintiffs filed the instant Motion for Remand (the "Motion"). Specifically, and what can only be fairly characterized as a blatant exercise in forum shopping, Plaintiffs moved to voluntarily dismiss their claims under the FLSA *without* prejudice in order to eliminate this Court's subject matter jurisdiction. This despite the fact Plaintiffs' counsel has litigated and resolved a nearly identical FLSA and NYLL involving nearly identical minimum wage, tip credit and overtime claims in the SDNY. Plaintiffs' inexplicably maneuvering and attempt to circumvent federal jurisdiction is of no moment because: (i) Plaintiffs fail to satisfy its burden for voluntary dismissal of its FLSA claim pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and/or (ii) any attempt to dismiss their FLSA claim is subject to a *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), review. Therefore, Plaintiffs' Motion should be denied.

## ARGUMENT

### I. VOLUNTARY DISMISSAL IS NOT A MATTER OF RIGHT

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. Rule 41(a)(2). Thus, voluntary dismissal without prejudice is not a

matter of right. *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). When determining whether to grant a plaintiff's motion to voluntarily dismiss their claims without prejudice, the Second Circuit applies the following factors: (1) the plaintiff's diligence in bringing the motion; (2) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (3) the duplicative expense of re-litigation; (4) the adequacy of the plaintiff's explanation for the need to dismiss; and (5) any undue vexatiousness on the plaintiff's part (collectively, the "*Zagano* Factors"). *See Id.* at 14 (collecting cases). Furthermore, courts in the Second Circuit consider prejudice to the defendant to be of primary importance. *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.") (internal quotation marks and citation omitted); *see also BD ex. Rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000) ("the focus of the analysis on a motion for voluntary dismissal is the prejudice to the defendant").

Here, Plaintiffs contend they are entitled to dismiss their FLSA claim <u>without prejudice</u> based on inapposite case law. In this regard, Plaintiffs cite to cases involving distinct federal and state law claims which involved separate legal principles. *See Nix v. Office of Comm'r of Baseball*, No. 17 Civ. 1241 (RJS), 2017 WL 2889503 (S.D.N.Y. July 6, 2017) (the plaintiff dismissed his federal claim *with* prejudice and the defendant did not state it would suffer any prejudice); *see also Manginelli v. Homeward Residential, Inc.*, No. 13 Civ. 2334 (SJF)(AKT), 2013 WL 6493505 (E.D.N.Y. Dec. 9, 2013) (the court dismissed the complaint *sua sponte* and the federal claims were not related to the state common law claims alleged); *Goonewardena v. AMR Corp.*, No. 08 Civ. 4141 (NFF), 2008 WL 5049904 (E.D.N.Y. Nov. 25, 2008) (granting the plaintiff's motion to dismiss his federal claims under the Americans With Disabilities Act and

the Federal Aviation Act to pursue discrimination claims pursuant to the New York State Human Rights Law because the plaintiff did not have a private right of action under the federal claims; thus, the defendant did not suffer any prejudice). Conversely, here, Plaintiffs' state and federal labor law claims are interrelated and governed by the same facts and legal principles. *See Rivera v. Harvest Bakery Inc.*, No. 13 Civ. 00691 (ADS)(AYS), 2018 WL 4214337, at *4 (E.D.N.Y. Aug. 17, 2018) ("The NYLL provides for minimum wage and overtime provisions similar to those of the FLSA."); *see also Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, (2d Cir. 2013) ("The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week, 29 U.S.C. § 207(a) (2006); the NYLL adopts this same standard, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).").

Most importantly, Plaintiffs do not address the *Zagano* Factors in their request for dismissal; instead, Plaintiffs merely assert Defendants will not be prejudiced by the dismissal because the parties have not appeared in any court conferences. *See* Declaration In Support Of Motion For Remand, ECF No. 14, n. 1. Plaintiff's argument incorrectly presumes this is the only factual or legal consideration militating in favor dismissal. As stated in detail *infra.*, the *Zagano* Factors support the Court's denial of Plaintiffs' Motion.

      a.      <u>Plaintiffs Were Not Diligent In Bringing The Motion (Zagano Factor 1)</u>

When analyzing whether a party was diligent in bringing a motion, courts have held that "the length of time an action has been pending is not a dispositive factor." *Omega Institute, Inc. v. Universal Sales Systems, Inc.*, No. 08 Civ. 6473 (MAT), 2010 WL 475287, at *3 (W.D.N.Y. Feb. 5, 2010) (internal quotation marks and citations omitted). In fact, "[c]ourts are concerned with whether the efforts of the [moving] party were geared towards an efficient resolution" of the

action. *Id.* Here, Plaintiffs' request is not "geared towards an efficient resolution" because it, in effect, seeks to evade a Court mandated settlement conference which is to be scheduled in this matter. It is beyond peradventure that exploring an early resolution which resolves both federal and state claims is the most efficient method to proceed in this matter. Indeed, the Court has already issued an Order finding that "[i]n the Court's experience, cases involving FLSA claims often benefit from early mediation." Order Regarding Early Mediation and The Initial Pretrial Conference, ECF No. 7. Thus, the only plausible reason for Plaintiffs' Motion is to circumvent this Court's Order and pursue extensive discovery and/or private mediation; both of which would subject Defendants to significant costs. As such, this factor weighs against dismissal of Plaintiffs' FLSA claim *without* prejudice.

   b. <u>Defendants Will Incur Extensive Litigation Costs (Zagano Factors 2 and 3)</u>

"Courts are concerned about imposing duplicative expenses on defendants and chilling the legitimate activities of defendants, especially where costs and discovery have been significant." *Omega Institute, Inc.*, 2010 WL 475287, at *5. As stated *supra.*, "the focus of the [court's] analysis on a motion for voluntary dismissal is the prejudice to the defendant." *BD ex. Rel. Jean Doe*, 193 F.R.D. at 123. While the instant matter is still in its infancy, granting Plaintiffs' motion to dismiss their FLSA claim *without* prejudice and remanding this case to proceed in state court would expose Defendants to significant costs well in excess of those expected to defend themselves in this matter. In this regard, should Plaintiffs' FLSA claim be dismissed without prejudice and remand be granted, the Court's mandated settlement conference would be terminated and this matter would proceed with litigation and extensive class discovery in state court leaving open the possibility of Plaintiffs' initiating a separate action to seek relief for their FLSA claim. Thus, Defendants would incur significant costs associated with defending itself in multiple litigations and costs associated with potential resolution (*i.e.*, private

mediation). Significantly, even assuming Defendants prevail in the state court matter, Plaintiffs could file a case in federal court to pursue their FLSA claims which were dismissed without prejudice. Conversely, even if Plaintiffs prevail in a trial in state court, Plaintiffs would still be entitled to bring a federal court action to seek liquidated damages under the FLSA. As such, this factor weighs against dismissal of Plaintiffs' FLSA claim *without* prejudice.

      c.      <u>Plaintiffs' Failed To Provide Any Explanation For Their Need To Dismiss Their FLSA Claim (Zagano Factor 4)</u>

"Courts consider whether the moving party has provided a **reasonable** explanation for why it wishes to have its [FLSA] claims voluntarily dismissed without prejudice." *Omega Institute, Inc.*, 2010 WL 475287, at *5 (internal quotation marks and citation omitted) (emphasis added). Here, unsurprisingly, Plaintiffs have not proffered **any** explanation as to why they desire to dismiss their FLSA claim without prejudice. To be clear, there are no adequate (or even plausible) explanations for Plaintiffs to dismiss their FLSA claim *without* prejudice when (a) they have litigated and resolved a nearly identical case asserting NYLL and FLSA claims in federal court and (b) the NYLL claims that would be litigated in state court, were the remand granted, arise under the same set of facts and will be governed by same legal principles applicable to the FLSA claim. *See supra.* As such, this factor weighs against dismissal of Plaintiffs' FLSA claim *without* prejudice.

      d.      <u>Plaintiffs' Undue Vexatiousness (Zagano Factor 5)</u>

"In determining whether a party was unduly vexatious in pursuing its claim, courts consider whether the party had ill-motive . . . courts find ill-motive where [the] plaintiff has assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal." *Omega Institute, Inc.*, 2010 WL 475287, at *4 (internal quotation marks and citation omitted). In the instant matter, Plaintiffs' counsel asserted an FLSA claim in the Complaint and,

by doing so, represented to the Court that they had a good faith basis to proceed with its inclusion in accordance with Rule 11(b) of the Federal Rules of Civil Procedure. Indeed, the assertion of both FLSA and NYLL claims in federal wage and hour complaints has become the *sine quo non* of wage and hour practice in New York. However, Plaintiffs now seek to inexplicably dismiss their FLSA claim *without* prejudice and without any consideration of the fact that the FLSA claim is inextricably linked to the NYLL claim. Indeed, the *without* prejudice dismissal leaves open the possibility for Plaintiffs to litigate the same minimum wage and overtime claims in two forums, namely, federal and state court. Plaintiffs' counsel are experienced wage and hour litigators with over forty (40) cases reported in the Southern District of New York, many of which raise **simultaneous** FLSA and NYLL minimum wage and overtime claims in their respective pleadings. *See, e.g.*, *Mendez v. K&H Restaurant Inc.*, 15 Civ. 01947 (S.D.N.Y. Mar. 16, 2015); *Vidales v. DHR Restaurant Co., LLC*, No. 14 Civ. 09633 (S.D.N.Y. Dec. 5, 2014); *Jones v. Davide Torchio Salon*, No. 15 Civ. 01365 (S.D.N.Y. Feb. 25, 2015); *Persaud v. D&H Ladies Apparel LLC*, No. 16 Civ. 05994 (S.D.N.Y. July 27, 2016), *Green v. Humana At Home, Inc.*, No. 16 Cv. 07586 (S.D.N.Y. July 27, 2016); *Andon v. SDG Properties, Inc.*, No. 17 Civ. 07876 (Oct. 13, 2017); *Fobbs v. Massive Transportation Inc.*, No. 18 Civ. 05002 (S.D.N.Y. June 5, 2018).

    Indeed, in *Mendez v. K&H Restaurant Inc.*, Plaintiffs' counsel filed nearly identical minimum wage, tip credit and overtime claims in a pleading containing both FLSA and NYLL claims in their Complaint. *See* Exhibit "A." The complaint was filed on March 16, 2015 and was resolved less than eight months later on November 9, 2015 after the Honorable Coleen McMahon approved a settlement which included releases of the state **and** federal claims. See No. 15 Civ. 01947 at ECF Doc. 41-1. Given their history litigating nearly identical claims in

federal court, it is simply inexplicable why Plaintiffs' counsel seeks the instant remand. Ultimately, Plaintiffs' counsel's motives in seeking the instant dismissal are misguided at best and, at worst, are nothing more than evidence of questionable forum shopping and precisely the kind of "ill motive" prescribed by the Court in *Omega Institute*. 2010 WL 475287, at \*4.  As such, this factor weighs against dismissal of Plaintiffs' FLSA claim *without* prejudice.

Given all of the *Zagano* Factors weigh **against** the dismissal of Plaintiffs' FLSA claim without prejudice, Defendants respectfully request the Court deny Plaintiffs' Motion.

**II.       ANY DISMISSAL OF PLAINTIFFS' FLSA CLAIM IS SUBJECT TO A *CHEEKS* REVIEW**

While the Second Circuit's decision in *Cheeks* focused on dismissals with prejudice, it "explicitly left open the question of whether dismissals without prejudice may proceed without court approval." *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 551 (E.D.N.Y. 2018) (citing *Cheeks*, 796 F.3d at 201 n.2 ("As it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice.")).  "However, several courts *have* undertaken review of dismissals of FLSA claims without prejudice, finding that '[a]lthough Cheeks does not require judicial review when a settlement dismisses a case without prejudice, Cheeks also does not preclude such review.'" *Gallardo*, 285 F. Supp. 3d at 551 (quoting *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15 Civ. 6953 (SJ)(PK), 2016 WL 6156199, at \*1 (E.D.N.Y. Oct. 3, 2016), *report and recommendation adopted*, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016)) (emphasis and alterations in original); *see also Amadis v. Newcastle Realty Services, LLC*, No. 17 Civ. 8116 (WHP), 2018 WL 2727350, at \*1 (S.D.N.Y. May 10, 2018) (requiring a *Cheeks* review with respect to a Rule 41(a)(1)(A)(i) dismissal without prejudice).

The court in *Gallardo* set forth three reasons why reviewing dismissals without prejudice best serve the policy considerations underlying *Cheeks*. *Gallardo*, 285 F. Supp. 3d at 552. "First, dismissals that appear on their face to be without prejudice may, on closer inspection, prove not to be . . . . Second, even where a dismissal without prejudice does not explicitly preclude a plaintiff from reviving his or her claims, 'the potential preclusive effect of a dismissal without prejudice when coupled with the statute of limitations' could render it a 'de facto dismissal with prejudice'. . . . Finally, dismissals without prejudice may simply be an effort to settle cases without court review." *Gallardo*, 285 F. Supp. 3d at 552 (quoting *Carson v. Team Brown Consulting, Inc.*, No. 16 Civ. 4206, 2017 WL 4357393, at *3 (E.D.N.Y. Sept. 29, 2017)). The second and third aforementioned reasons are applicable to the instant matter as "'[n]otices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in Cheeks.'" *Gallardo*, 285 F. Supp. 3d at 552 (quoting *Carson*, 2017 WL 4357393, at *4)).[1]

Specifically, here, the only plausible reason (or lack thereof) to dismiss their FLSA claim without prejudice is to avoid a *Cheeks* review of both the potential settlement terms ***and*** application for attorneys' fees (a paradigm entirely missing from state court wage and hour practice

Therefore, despite whether Plaintiffs' seek to dismiss their FLSA claims *with* or *without* prejudice, the Court must conduct a *Cheeks* review.  As such, the Court should deny Plaintiffs' motion to dismiss their FLSA claims *without* prejudice pursuant to *Cheeks*. Alternatively, should Plaintiffs seek to dismiss their FLSA claim with prejudice, the Court should deny such request pursuant to *Cheeks* as well.

---

[1] In *Gallardo v. PS Chicken Inc.*, the court was concerned that allowing dismissal of FLSA claims without prejudice while settling their state counterparts "could become standard practice, effectively undermining the courts' statutory obligation to oversee the settlement of FLSA claims." 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018).

869835-3                                                8

## CONCLUSION

**WHEREFORE**, Defendants respectfully request: (i) Plaintiffs' Motion be denied; (ii) to the extent Plaintiffs proceed with dismissing their FLSA claim *with* or *without* prejudice, the Court must conduct a fairness review pursuant to *Cheeks*; and (iii) Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:  Mineola, New York
    January 15, 2019

                    **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
                    Attorney for Defendants
                    190 Willis Avenue
                    Mineola, New York 11751
                    (516)747-0300
                    nmelito@meltzerlippe.com

                    By:   **ECF**         /s/
                        Nicholas P. Melito, Esq.

**LARRY R. MARTINEZ, ESQ.**
**JONATHAN D. FARRELL, ESQ.**