UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NAIM SAYODI, RAY SANCHEZ, and ABU OMAR,
on behalf of themselves and all others similarly situated,

                                                                                                    Docket No.: 18 Civ. 10989 (JMF)

                       Plaintiffs,

            -against-

HIGHGATE HOTELS, L.P., and KNICKERBOCKER
HOTEL,

                       Defendants.
------------------------------------------------------------------X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION TO REMAND**


                                                   JOSEPH & NORINSBERG, LLC
                                                 Chaya M. Gourarie, Esq.
                                                 225 Broadway, Suite 2700
                                                 New York, N.Y. 10007
                                                 Tel: (212) 227-5700

**TABLE OF CONTENTS**

**Pages**

**INTRODUCTION**………………………………………………………………………………..1

**PRELIMINARY STATEMENT** ………………………………………………………………..1

**ARGUMENT**……………………………………………………………………….………….2

    **I.**    **SINCE PLAINTIFFS HAVE ELIMINATED THEIR SOLE FEDERAL CLAIM, THERE IS NO REASON FOR THIS COURT TO RETAIN SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS**……………………………………………….……...……..............2

        **A.**  This Court Should Exercise its Discretion to Remand This Matter In The Interest of Principles of Judicial Economy and Comity…...........................…...2

        **B.**  Plaintiffs Have Made A Tactical Decision That They Prefer That This Matter be Heard in State Court, and This Decision Should Be Honored..…………..………….…..…………………………………………...4

    **II.**   **DEFENDANTS' OBJECTIONS TO DISMISSAL UNDER FRCP 41(A)(2) ARE BASELESS AND MUST BE REJECTED** ……..…………………………..…..5

        **A.**  The Court Has Discretion to Dismiss Plaintiffs' FLSA Claim Under FRCP 41(A)(2), and <u>Cheeks</u> is Entirely Irrelevant ……………………………5

        **B.**  There Is No Basis for Defendants' Alleged "Prejudice" Claim, As All the <u>Zagano</u> Factors Favor the Plaintiffs ……………………………………....6

        **C.**  State Law Issues Predominate and Plaintiffs' Claims Will Be Fully Vindicated in State Court...................................................................................8

**CONCLUSION** …………………………………………………………………………….…..9

# **TABLE OF AUTHORITIES**

**PAGES**

Ahler v. City of New York,
No. 93 Civ. 0056, 1993 WL 362404 (S.D.N.Y. Sept. 13, 1993) .................................................... 6

Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co.,
332 F. Supp. 2d 584 (S.D.N.Y. 2004) ........................................................................................... 3

Baddie v. Berkeley Farms, Inc.,
64 F.3d 487 (9th Cir.1995) ............................................................................................................ 4

Benitez v. Hitachi Metals Am. Ltd.,
No. 11 Civ. 6816 (NRB), 2012 WL 3249417 (S.D.N.Y. Aug. 6, 2012)……………………………7

Catanzano v. Wing,
277 F.3d 99 (2d Cir. 2001) ............................................................................................................ 7

Caterpillar Inc. v. Williams,
482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ............................................................... 6

Certilman v. Becker,
807 F. Supp. 307 (S.D.N.Y. 1992) ............................................................................................ 3, 4

Cheeks v. Freeport Pancake House, Inc.,
No. 14 Civ. 299 (2d Cir. 2015) ........................................................................................ 1, 5, 6, 7

Cohen v. Postal Holdings, LLC,
873 F.3d 394 (2d Cir. 2017) ...................................................................................................... 2, 9

Garcia v. Tamir,
No. 99 Civ. 0298 (LAP), 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999) .......................................... 9

Gallardo v. PS Chicken Inc.,
285 F. Supp. 3d 549 (E.D.N.Y. 2018)……………………………………………………………….5

King v. Six Stars of New York, Inc.,
No. 16 Civ. 3291 (BMC), 2016 WL 4523920 (E.D.N.Y. 2016) ................................................... 8

Maldonado v. BTB Events & Celebrations, Inc.,
990 F. Supp. 2d 382 (S.D.N.Y. 2013) ........................................................................................... 8

Manginelli v. Homeward Residential, Inc.,
No. 13 Civ. 2334 (SJF) (AKT), 2013 WL 6493505 (E.D.N.Y. Dec. 9, 2013) ............................... 3

Massengill v. Waltz,
No. 94 Civ.3171 (DAB), 1996 WL 419907 (S.D.N.Y. July 26, 1996)…………………………..7

MHS Capital v. Goggin,
No. 16 Civ. 1794 (VM), 2016 WL 3522198 (S.D.N.Y. June 13, 2016) ........................................ 4

Nix v. Office of Comm'r of Baseball,
No. 17 Civ. 1241 (RJS), 2017 WL 2889503 (S.D.N.Y. July 6, 2017) ......................................... 5

Pacific Legwear, Inc. v. Sizemore,
No. 16 Civ. 2064 (JMF), 2016 WL 2766664 (S.D.N.Y. May 11, 2016) ...................................... 3

Samiento v. World Yacht Inc.,
10 N.Y.3d 70 (2008) ................................................................................................................. 8, 10

Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc.,
750 F. Supp. 100 (S.D.N.Y. 1990) ................................................................................................ 7

Segal v. Varonis Sys., Inc.,
601 F. Supp. 2d 551 (S.D.N.Y. 2009) ........................................................................................... 6

Shah v. RBC Capital Markets Corp.,
No. 10 Civ. 7672 (PGG), 2011 WL 2638139 (S.D.N.Y. July 5, 2011) ..................................... 6, 7

Singh v. Prudential Ins. Co. of Am.,
200 F. Supp. 2d 193 (E.D.N.Y. 2002) .......................................................................................... 4

Valencia ex rel. Franco v. Lee,
316 F.3d 299 (2d Cir. 2003) .......................................................................................................... 3

Zagano v. Fordham University,
900 F.2d 12 (2d Cir.1990) ..................................................................................................... 6, 7, 8

**Statutes**

28 USC § 1447 ....................................................................................................................... 1, 5, 9

28 USC § 1367 ............................................................................................................................... 2

28 C.F.R § 531 ............................................................................................................................. 8

28 USC § 203 .............................................................................................................................. 9

**Rules**

Federal Rule of Civil Procedure 41 ................................................................................... 1, 5, 7, 9

NYLL **§** 196 ................................................................................................................................ 8

## **INTRODUCTION**

Plaintiffs Naim Sayodi, Ray Sanchez, and Abu Omar (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Reply Memorandum of Law in further support of their motion to remand this action to the New York State Supreme Court, pursuant to 28 USC § 1447, and to voluntarily dismiss their single federal cause of action, pursuant to FRCP 41(a)(2).

## **PRELIMINARY STATEMENT**

It is undisputed that the general rule in this Circuit is that where, as here, there has been no discovery, no answer, and no showing of prejudice to the Defendants, and all federal claims have been removed by Plaintiffs, the Court should remand the action to the State court in which it started. Defendants' substantive arguments against remand are frivolous and should be rejected.

This is a case which arises under state law. Plaintiffs pled seven claims under state law, and only one claim under federal law, which Plaintiffs have now voluntarily dismissed. Moreover, state law issues predominate here since the core allegations in the complaint are about Defendants' mandatory charges paid by patrons at Defendants' parties, which may be considered "gratuities" under state law, but cannot be considered "gratuities" under federal law. Accordingly, this case was properly venued in state court and should now be remanded back to state court.

Defendants' opposition to Plaintiffs' motion for remand contains only frivolous and irrelevant objections. Indeed, Defendants largely skirt the issue of remand, and instead oppose Plaintiffs' request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). However, their objections fail in multiple respects. *First,* Defendants' conclusory claims of "legal prejudice" lack any basis. *Second,* Defendants' reliance on Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) is unavailing, as there is no settlement at issue here, and only applies to private settlements. *Third,* Defendants' claims of improper "forum shopping" lack

1

merit since courts routinely permit Plaintiffs to choose their forum, without suffering any adverse consequences.

Accordingly, given the lack of federal claims and the early stage of this litigation, remand is warranted.

## ARGUMENT

### I. SINCE PLAINTIFFS HAVE ELIMINATED THEIR SOLE FEDERAL CLAIM, THERE IS NO REASON FOR THIS COURT TO RETAIN SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.

#### A. This Court Should Exercise its Discretion to Remand This Matter In The Interest of Principles of Judicial Economy and Comity.

The Second Circuit has stated that "the default is that federal courts should not decide related state–law claims unless there is good reason for doing so," because the Second Circuit "takes a very strong position that states issues should be decided by state courts." Cohen v. Postal Holdings, LLC, 873 F.3d 394, 404–05 (2d Cir. 2017) (J. Calabresi concurring). Accord Valencia ex rel. Franco v. Lee, 316 F.3d 299, 300–01 (2d Cir. 2003) (holding that the district court abused its discretion in deciding state law claims, one of which raised unsettled questions of New York law, "[b]ecause the federal claims asserted by the plaintiffs were abandoned at a relatively early stage . . . the district court should not have exercised supplemental jurisdiction over the state-law claims").

Courts in this Circuit have repeatedly held that where a plaintiff has eliminated his federal claims after removal, remanding the action back to state court is warranted. See, e.g., Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co., 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) ("In this case, the plaintiffs abandoned their sole federal claim before the Court decided the fully submitted motions for a preliminary injunction and to dismiss. No claims remain in which this court has original jurisdiction. Under Valencia, 28 U.S.C. § 1367(c), and in the interest of comity and

2

judicial economy, the case should be remanded."); Certilman v. Becker, 807 F. Supp. 307, 309–10 (S.D.N.Y. 1992) ("The pleadings were amended early in the Case litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated."); Pacific Legwear, Inc. v. Sizemore, No. 16-Civ-2064 (JMF), 2016 WL 2766664, at *4 (S.D.N.Y. May 11, 2016) ("[T]he Court concludes that there is no reason to depart from that general rule. Given the relatively early state of the case . . . and notwithstanding the fact that Plaintiff may well be engaging in some degree of forum shopping, the traditional 'values of judicial economy, convenience, fairness, and comity' that the Court must consider, do not counsel in favor of exercising jurisdiction.") (internal citation omitted); Manginelli v. Homeward Residential, Inc., No. 13-Civ-2334 SJF AKT, 2013 WL 6493505, at *7 (E.D.N.Y. Dec. 9, 2013) ("In light of the withdrawal of all federal claims in this action prior to any court appearance, dispositive motion or discovery, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over the remaining state law claims.").

Plaintiffs chose to file this action in state court, and once Defendants removed this action, Plaintiffs promptly—prior to an answer being filed, any motions being heard, and any discovery being taken—moved to abandon their sole federal law claim and remand this action to state court, in order to regain their chosen forum. Defendants have not pointed to any prejudice to themselves or waste of judicial resources in this Court choosing to remand this action to New York State Supreme Court. As such, the Court should exercise its discretion to remand this action in the interests of judicial economy, convenience, and comity.

### B. Plaintiffs Have Made A Tactical Decision That They Prefer That This Matter be Heard in State Court, and This Decision Should Be Honored.

Defendants repeatedly accuse Plaintiffs of "forum manipulation" and assert that Plaintiffs are nefariously attempting to evade federal jurisdiction and circumvent federally-mandated mediation. (Def. Mem. at 3-4). However, "there is no per se prohibition against dropping federal claims in order avoid federal jurisdiction," and Plaintiffs have done so here for tactical reasons, without "prejudice, resource wasting, and untimeliness." Singh v. Prudential Ins. Co. of Am., 200 F. Supp. 2d 193, 199, n. 10 (E.D.N.Y. 2002) (citing Baddie v. Berkeley Farms, Inc., 64 F.3d 487 (9th Cir.1995)).

Indeed, numerous courts in this Circuit have remanded actions—such as this one—where the plaintiff moved to remand in the early stages of the litigation. See, e.g., MHS Capital v. Goggin, No. 16 Civ.1794 (VM), 2016 WL 3522198, at *4–5 (S.D.N.Y. June 13, 2016) ("As numerous other decisions have noted, though, it is not manipulative for Plaintiffs to seek to bring claims in state court by asserting only state claims, legitimately avoiding diversity jurisdiction, or dropping a party that has asserted a federal defense"); Singh v. Prudential Ins. Co. of Am., 200 F. Supp. 2d 193, 199 n. 10 (E.D.N.Y. 2002) ("[T]here is no per se prohibition against dropping federal claims in order to avoid federal jurisdiction"); Certilman, 807 F. Supp. at 309-10. ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated.").

Here, Plaintiffs filed their action in New York State Supreme Court, and Defendants removed because they preferred the federal forum. Plaintiffs then promptly eliminated their sole federal claim and moved to remand. Plaintiffs' decision to voluntarily dismiss their sole federal

claim, and move to remand, is no more manipulative than Defendants' decision to remove the action to federal court, and should not serve as a basis for denying the motion to remand.

## II. DEFENDANTS' OBJECTIONS TO DISMISSAL UNDER FRCP 41(A)(2) ARE BASELESS AND MUST BE REJECTED.

Plaintiffs sought voluntary dismissal of their sole federal claim under Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 41(a)(2). (See Dkt. No. 14, Gourarie Decl. ¶ 5). Courts in this district have expressly held that dismissal under Rule 41(a)(2) in the context of a motion for remand is permitted. See, e.g., Nix v. Office of Comm'r of Baseball, No. 17-Civ-1241 (RJS), 2017 WL 2889503, at *2 (S.D.N.Y. July 6, 2017) (granting leave to voluntarily dismiss single federal claim pursuant to Rule 41 (a)(2), and additionally granting motion for remand, pursuant to 28 USC § 1447). Nonetheless, Defendants raise a series of meritless objections to Plaintiffs' request for voluntary dismissal, each of which must be rejected for the reasons set forth below.

### A. The Court Has Discretion to Dismiss Plaintiffs' FLSA Claim Under FRCP 41(A)(2), and Cheeks is Entirely Irrelevant.

There is no basis for Defendants' argument that the Court must do a Cheeks review before allowing Plaintiffs to voluntary dismiss their FLSA claim, as Cheeks does not apply here. Indeed, Cheeks addresses the court's obligation to review private *settlements* under the FLSA. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) ("The question of whether judicial approval of, and public access to, FLSA settlements is required is an open one in our Circuit."). As there is no private settlement at issue here, Cheeks is inapposite. Likewise, Defendants' reliance on Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549 (E.D.N.Y. 2018) fails, since it considers the issue of a dismissal without prejudice only in the context of a private *settlement*.

5

Here, as the "master of the complaint," Plaintiffs are entitled to amend their pleadings, and to add or remove claims, even to preclude removal. See Segal v. Varonis Sys., Inc., 601 F. Supp. 2d 551, 552–53 (S.D.N.Y. 2009) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987)) ("A plaintiff is the "master of the complaint" and may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action."). Nothing in Cheeks restricts the Plaintiffs' right to amend the complaint, and Defendants have presented no legal authority that would support such a claim. Indeed, by Defendants' logic, a plaintiff would not be permitted to amend his complaint under Rule 15 to remove his FLSA claim, absent a Cheeks review. This is plainly not a proper application of the current law in this Circuit; accordingly, the Defendants arguments under Cheeks must fail.

**B. There Is No Basis for Defendants' Alleged "Prejudice" Claim, as all the Zagano Factors Favor the Plaintiffs.**

Defendants claim of "legal prejudice" under Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir.1990), fails as well.  In the first instance, it is well settled that "the possibility of commencing another action in state court will not operate as a bar to granting the motion." Shah v. RBC Capital Markets Corp., No. 10-Civ-7672 (PGG), 2011 WL 2638139, at *1 (S.D.N.Y. July 5, 2011) (collecting cases). Accord Ahler v. City of New York, 93 Civ. 0056, 1993 WL 362404 (S.D.N.Y. Sept. 13, 1993) ("Allowing the action to proceed in state court is not, however, sufficient ground for denying the motion or for dismissing with prejudice ..."). Thus, Defendants' reluctance to defend this case in state court does not constitute "legal prejudice" under Zagano. (Id.)

Furthermore, Defendants' claims of legal prejudice must fail since this case is still in the very early stages of litigation. It was commenced in New York State Court on November 2, 2018, and removed to federal court on November 26, 2018. In the interim, no court conferences have been held and discovery has not yet commenced. Under such circumstances, courts routinely deny

6

claims of purported "prejudice." See, e.g., Catanzano v. Wing, 277 F.3d 99, 110 (2d Cir. 2001) (finding that district court abused its discretion in refusing to grant motion for voluntary dismissal where "although the litigation has gone on for years, this claim has thus far not been litigated and only halting discovery has taken place."); Benitez v. Hitachi Metals Am. Ltd., No. 11-Civ-6816 (NRB), 2012 WL 3249417 (S.D.N.Y. Aug. 6, 2012) (holding that where action was filed in August 2011 and request to dismiss was made in July 2012, the action was pending for a sufficiently short time so as to favor dismissal).

The remaining Zagano factors also weigh in favor of Plaintiffs, as "[t]here is no evidence that [Plaintiff] has acted in bad faith." Shah v. RBC Capital Markets Corp., No. 10-Civ-7672 (PGG), 2011 WL 2638139, at *2 (S.D.N.Y. July 5, 2011). Defendants have not come close to making a colorable claim that Plaintiffs have engaged in "vexatious" conduct or that they lacked diligence. (Def. Mem. at 3-5). Indeed, Plaintiffs filed their motion promptly after Defendants filed their motion for removal, and before Defendants filed their answer.

Finally, to the extent Defendants are concerned about the dismissal without prejudice, Plaintiffs do not object to voluntary dismissal with prejudice of their single federal claim, as they will receive all the relief they seek through pursuing the remaining seven causes of action in state court. See Massengill v. Waltz, No. 94-Civ-3171 (DAB), 1996 WL 419907, at *2 (S.D.N.Y. July 26, 1996) ("Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, voluntary dismissals may be granted if prejudice will not result against the other party."); Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc., 750 F. Supp. 100, 106 (S.D.N.Y. 1990) (granting "[p]laintiff's motion for voluntary dismissal with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2).").

### C. State Law Issues Predominate and Plaintiffs' Claims Will Be Fully Vindicated in State Court.

Contrary to Defendants' arguments, this is not a case where "Plaintiffs' state and federal labor law claims are…governed by the same facts and legal principles." (Def. Mem. at 3). In fact, Plaintiffs' central claims are predicated on the substantial mandatory charges paid by patrons at Defendants' parties, which constitute "gratuities" under state law, but not under federal law. See Complaint ¶¶ 3-6.

In Samiento v. World Yacht Inc., 10 N.Y.3d 70 (2008), the New York Court of Appeals considered whether mandatory service charges could be encompassed by the statutory term "any charge purported to be a gratuity" under NYLL § 196-d. "Given the 'remedial nature'" of the NYLL, the Court of Appeals reasoned that "such language should be liberally construed in favor of the employees." World Yacht, 10 N.Y. 3d at 78. The Court ultimately held that Section 196-d protects for employees both gratuities voluntarily made, as well as gratuities paid pursuant to a charge imposed by the employer. Id. at 81.

Under federal law, in contrast, a mandatory charge cannot be considered a gratuity since the FLSA establishes unequivocally that "[a] compulsory charge for service ... imposed on a customer by an employer's establishment, is not a tip... even if distributed by the employer to its employees." See 29 C.F.R. § 531.55(a). See also Maldonado v. BTB Events & Celebrations, Inc., 990 F. Supp. 2d 382, 388–89 (S.D.N.Y. 2013) ("Thus, as a matter of law, a mandatory charge cannot constitute a "tip" for the purposes of the FLSA.").

Since state law issues predominate here, Plaintiffs' claims will be fully vindicated in state court, and Plaintiffs will suffer no prejudice if their single FLSA claim is dismissed with prejudice. See King v. Six Stars of New York, Inc., No. 16 Civ 3291 (BMC), 2016 WL 4523920, at *2 (E.D.N.Y. Aug. 22, 2016) ("As is usually the case with wage disputes in New York, New York's

Labor Law completely overshadows the FLSA to the point of rendering the FLSA superfluous.") (Cogan, J.); Garcia v. Tamir, No. 99-Civ- 0298 (LAP), 1999 WL 587902, at *1 (S.D.N.Y. Aug. 4, 1999) (observing in a case involving FLSA and NYLL allegations that "there are no important federal rights at stake, and the federal statute at issue in this action does not substantively differ from the state statute at issue in the state action."). Accordingly, the Second Circuit's assertion that "our circuit takes a very strong position that state issues should be decided by state courts" is apt here, Cohen, 873 F.3d at 405, and further supports Plaintiffs' motion for remand.

## CONCLUSION

For the above reasons and those set forth in Plaintiffs' moving papers, Plaintiffs respectfully request that this Court issue an order: (i) remanding this case to the New York State Supreme Court, pursuant to 28 USC § 1447; and (ii) voluntarily dismissing Plaintiffs' cause of action under 29 U.S.C § 203(m) and (t), with or without prejudice, pursuant to FRCP 41(a)(2).

Dated: New York, New York
      February 5, 2019

JOSEPH & NORINSBERG, LLC

By: _____
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiffs and Putative Class*

TO:

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
Nicholas P. Melito, Esq.
190 Willis Avenue
Mineola, New York 11501
Tel: (516) 747-0300
Fax: (845)-624-3821
*Attorneys for Defendants*