UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
NAIM SAYODI, *on behalf of themselves and all others*                   :
*similarly situated*, et al.,                                           :
                                                                        :     18-CV-10989 (JMF)
                                        Plaintiffs,                     :
                                                                        :     MEMORANDUM OPINION
            -v-                                                         :         AND ORDER
                                                                        :
HIGHGATE HOTELS, L.P., and KNICKERBOCKER                                :
HOTEL,                                                                  :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Upon review of the parties' submissions, the Court dismisses Plaintiffs' sole federal claim with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Docket No. 24, at 7 ("Plaintiffs do not object to voluntary dismissal with prejudice of their single federal claim, as they will receive all the relief they seek through pursuing the remaining seven causes of action in state court."). *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990), the primary case on which Defendants rely, is easily distinguished because it involved a dismissal motion that was made after several pretrial conferences and the close of discovery, fewer than ten days before trial was set to start. *See id.* at 14. Here, by contrast, Plaintiffs filed their notice of dismissal before the Court had conducted any conferences, before discovery began, and indeed, before Defendants had even answered the Complaint. *See* Docket No. 14-2 (notice of dismissal); Docket No. 19 (answer). Under these circumstances, Plaintiffs were entitled to voluntarily dismiss their sole federal claim — even without leave of Court. *See* Fed. R. Civ. P. 41(a)(1)(A).

In light of the dismissal of Plaintiffs' federal claim, only state-law claims remain. Given the early stage of this case, the Court, in its discretion, declines to exercise supplemental jurisdiction over those claims. *See, e.g.*, *Pac. Legwear, Inc. v. Sizemore*, No. 16-CV-2064 (JMF), 2016 WL 2766664, at *2 (S.D.N.Y. May 11, 2016) (citing *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998)). Accordingly, it remands this matter back to the state court from which it was removed. *See, e.g.*, *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 300-01 (2d Cir. 2003) (vacating and remanding with instructions "to remand the action to the state court from which it was removed" because, among other things, "the federal claims asserted by plaintiffs were abandoned at a relatively early stage of this case").

The Clerk of Court is directed to terminate Docket No. 13; to remand the matter back to the New York Supreme Court, New York County; and to close the case. All conferences are cancelled.

SO ORDERED.

Dated: March 1, 2019
New York, New York

JESSE M. FURMAN
United States District Judge